# KNAPP *v.* HOMEOPATHIC MUTUAL LIFE IN-SURANCE COMPANY.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Submitted March 16, 1886.—Decided April 5, 1886.

A policy of insurance, made to a wife on the life of her husband, contained this clause: "This policy of insurance, after two annual premiums shall have been paid thereon, shall not be forfeited or become void by reason of the nonpayment of premiums; but the party insured shall be entitled to have it continued in force for a period to be determined as follows, to wit: The net value of the policy when the premium becomes due and is not paid shall be ascertained according to the combined experience or actuaries' rate of mortality, with interest at four per cent. per annum. Four fifths of such net value shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium, and the assumption of mortality and interest aforesaid; or at his option may receive a paid up policy for the full amount of premium paid: Provided, That unless this policy shall be surrendered and such paid up policy shall be applied for within ninety days after such nonpayment of premium as aforesaid, then this policy shall be void and of no effect." *Held,* that the words "paid up policy," in the proviso, included an insurance for the amount of the original policy for a time computed according to its net value at the time of the failure to pay a premium, as well as an insurance for the term of the original policy for an amount computed according to the premiums paid; and that the wife was not entitled to have the policy continued or renewed in either form, without surrendering it and applying for a new policy within ninety days after the nonpayment of a premium. *Held, also,* that the rights of the parties were not affected by the husband having procured a cancellation of the original policy by fraudulently representing that the wife was dead.

This was an action brought March 19, 1878, by a citizen of Massachusetts against a corporation established by the laws of New York, upon a policy of insurance, by which the company, "in consideration of the representations made to them in the application for this policy, which is hereby made a part of this contract, and of the sum of $47.40 to them in hand paid by Abby Knapp, wife of Charles L. Knapp, and of the quarterly payment of a like amount on or before the sixteenth days of

July, October, January and April in every year during the continuance of this policy," insured the life of the husband, for the sole use of the wife, in the amount of $5000 for the term of his natural life, beginning on April 16, 1869, payable at the office of the company in New York to her, if living, in thirty days after notice and proof of his death.

The application declared that "neglect to pay the premium on or before the day it becomes due shall and will render the policy null and void, and forfeit all payments made thereon, unless otherwise specially provided for in the policy."

The policy contained the following clause: "This policy of insurance, after two annual premiums shall have been paid thereon, shall not be forfeited or become void by reason of the nonpayment of premium; but the party insured shall be entitled to have it continued in force for a period to be determined as follows, to wit: The net value of the policy when the premium becomes due and is not paid shall be ascertained according to the 'combined experience' or actuaries' rate of mortality, with interest at four per cent. per annum. Four fifths of such net value shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium and the assumptions of mortality and interest aforesaid; or at his option may receive a paid up policy for the full amount of premium paid: Provided, that unless this policy shall be surrendered and such paid up policy shall be applied for within ninety days after such nonpayment as aforesaid, then this policy shall be void and of no effect."

A trial by jury having been duly waived, the Circuit Court found the following facts: The policy was issued April 14, 1869, in the city of New York, where the husband and wife then lived. It was taken out by the husband, who signed the application in the wife's name as her attorney. It was in the possession of the wife in 1871, and of the husband before and afterwards. The premiums were paid for several years, mostly by the husband, but one or two by the wife. She lived apart from her husband nearly all the time after February, 1872. On January 16, 1874, a premium became due and was not

paid. On February 26, 1874, the husband represented to the company that his wife was dead, the company believed the representation to be true, and he surrendered the policy, taking from the company $260 in money, and a new policy, concerning which the only evidence was that it had been forfeited before his death, which happened September 17, 1874. Very soon after his death, the wife sent to the company for information about the policy, and her agent was told by the company that it was forfeited. A considerable time after this, being advised that she might have some rights under the policy, she gave due notice and proof of loss, and more than thirty days afterwards brought this action to recover the full amount insured. The net value of the policy when the nonpayment of the premium occurred, if reckoned in the mode pointed out in the policy, would have been sufficient to continue it in force until after the death of the husband.

On these facts, the Circuit Court ruled as matter of law that the policy was forfeited by the neglect to pay the premiums and to call for a paid up policy, and rendered judgment for the defendant, and allowed a bill of exceptions tendered by the plaintiff.

*Mr. Samuel W. Clifford Jr.* and *Mr. Mark A. Blaisdell* for plaintiff in error.

*Mr. Stillman B. Allen,* and *Mr. Alfred Hemmenway* for defendant in error.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The cancelling of the policy, in consequence of the husband's fraudulent representation that the wife was dead, had no effect upon her rights. It is not relied on by the defendant; and there is nothing in the case to show that it in any way influenced the conduct of the plaintiff by preventing her from paying the premiums or making the election required by the policy.

The contract of insurance, made and to be performed in New

York, between a corporation and a citizen of that State, is to be governed by the law of New York. By that law, in respect to the payment of or the neglect to pay premiums, a married woman stands like any other person insured. *Baker* v. *Union Ins. Co.*, 43 N. Y. 283. And there is no statute which affects this case.

The decision, therefore, depends upon the true construction of the nonforfeiture clause in the policy.

The single purpose of this clause is that, after two annual premiums shall have been paid, a failure to pay any subsequent premium shall not have the effect of avoiding the whole insurance, but the assured shall have the right to an insurance for such a sum and such a time as the premiums already paid would equitably cover. The policy does not declare that it shall continue of itself, without any act of the assured. On the contrary, it stipulates that "the party insured shall be entitled to have it continued in force for a period to be determined" by ascertaining, according to certain rules, the net value of the policy at the time of failure to pay a premium, and making the amount of that value, considered as a single premium, the basis for determining the time for which there shall be a temporary insurance for the full amount of the original policy. It then prescribes an alternative by which the party insured, "at his option, may receive a paid up policy for the full amount of premium paid."

In short, the forfeiture of the policy, by a failure to pay any premium after the first two, is not absolute, but qualified; and the party insured is entitled to be insured according to the sum already paid in premiums, either for the full amount of the original policy, so long as that sum would pay for it, or else for the full term of the original policy for such amount as that sum would pay for.

Then follows the proviso: "that unless this policy shall be surrendered and such paid up policy shall be applied for within ninety days after such nonpayment as aforesaid, then this policy shall be void and of no effect."

It is contended on behalf of the plaintiff, that the words "such paid up policy" show that this provision refers only to

a new insurance determined by the second method, that is, for the full term of the original policy, and for an amount depending upon the sum already paid in premiums; and that if the assured does not seasonably apply for such an insurance, she still remains insured for the full amount for a time computed according to the sum paid.

But the proviso does not say that, upon a failure to surrender the original policy and to apply for a paid up policy, the original policy shall stand good for a temporary insurance; but that it " shall be void and of no effect." The result of either of the two methods already prescribed, for determining the extent of the insurance, is a paid up policy. According to either method, there is to be no further payment of premium, nor is the original policy continued in force; but the assured is to have the benefit of the sum already paid in premiums, by being insured, either for the amount of the original policy for a time to be determined, or for the time of the original policy for an amount to be determined. Taking the whole clause together, it is clear that the assured is to have the benefit of that sum in one of two ways at her election, and that election must be made within a certain time. As that time expired without any election, or any excuse for not making one, the forfeiture became complete under the express provisions of the policy, and the Circuit Court rightly held that the action could not be maintained.

*Judgment affirmed.*