Motion by the National Lead Company for an additional allowance, under the provisions of Code Civ. Proc. § 3253, in an action against Charles H. Dauchy and another.    Granted.

Alexander & Green, William C. Prime, and Samuel Foster, for the motion.

Lewis E. Griffeth, opposed.

CLEARWATER, J.    The plaintiff sued to recover $19,354 for white lead, oils, etc., sold by it to the defendants, and delivered to various customers of the defendants at different times and in different places, as directed by them.    An attachment was obtained and is still in force.    A bill of items was demanded and served.    A defense was interposed, which put in issue the sale and delivery of upward of 300 items of the plaintiff's claim, proof of which was thus required, and was made.    The cause was tried before a referee, who gave judgment for the plaintiff in the sum of $20,207.11, and who certifies that, in his opinion, the case was difficult and extraordinary, and that the plaintiff is entitled to an additional allowance.    The granting of this is opposed by the defendants upon the ground that the action is an ordinary, and not an extraordinary and difficult, one.    In a general way, it may be said that most actions are ordinary, in that similar causes are frequently before the courts; but, save for the fact that the form of the action is contract, this cause was neither usual nor simple, and clearly involved more than ordinary labor and preparation by counsel.    The statute should receive a fair, even a liberal, construction, and, in important and substantial litigations such as this, a proper allowance should be made, due regard being had to the situation of the defeated party.    An additional allowance of $500 is granted, and may be taxed with the plaintiff's costs.

---

(22 Misc. Rep. 53.)

STAYNER v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

(Supreme Court, Special Term, Kings County.    December, 1897.)

1. LIFE INSURANCE POLICY—DEFAULT—PAID-UP POLICY.
    A policy of life insurance provided that, after three annual premiums had been paid, if the policy became void by default in paying subsequent premiums, the company would issue a new paid-up policy for the entire amount which the full reserve would then purchase as a single premium, provided the policy was surrendered within six months after such default. *Held*, that the surrender within six months was a condition precedent.
2. SAME—EXTENSION OF TIME—PLEADING.
    Facts relied upon to relieve one from the consequence of delay in demanding a paid-up policy of insurance, which should be demanded within six months after default in payment of the premiums, must be pleaded.

Action by Elizabeth Stayner against the Equitable Life Assurance Society of the United States to compel the issuance of a paid-up policy of insurance.    Demurrer to complaint sustained.

H. H. Walker, for plaintiff.

Alexander & Green (Chas. B. Alexander and Chas. W. Pierson, of counsel), for defendant.

HIRSCHBERG, J.   The complaint alleges two causes of action. The first one is to the effect that the defendant insured George H. Stayner in the sum of $75,000, on the 29th day of April, 1885, by a policy providing for annual payments of premium on July 28th; that three annual premiums have been paid on the policy, but that default was made in the payment of the premium which became due July 28, 1888, and no subsequent premium has been paid; that the policy contains a clause to the effect that "if premiums upon this policy, for not less than three complete years of assurance, shall have been duly received by said society, and this policy should thereafter become void, in consequence of default in payment of a subsequent premium, said society will issue, in lieu of such policy, a new paid-up policy, without participation in profits, in favor of said George H. Stayner, his executors, administrators, or assigns, for the entire amount which the full reserve on this policy, according to the present legal standard of the state of New York, will then purchase as a single premium, calculated by the regular table for single-premium policies now published and in use by the society: provided, however, that this policy shall be surrendered duly receipted within six months of the date of default in payment of premium as mentioned above;" that the reason why the policy was not surrendered, duly receipted, within six months after the date of the default, was financial trouble and mental distress both of the insured and the plaintiff; that the policy has been assigned to the plaintiff; that at the time of the default the reserve, as a single premium, would have purchased $6,300 of insurance; and that the plaintiff on the 6th day of July, 1897, duly demanded a paid-up policy for that amount, which was refused.   The second cause of action is similarly based upon a policy issued June 1, 1887, for $5,000, payable to plaintiff, on which default was made on April 28, 1893, and on which the reserve will buy $1,065 of insurance.   The relief demanded is the award of a paid-up policy for $7,365.   The demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

The facts presented do not furnish a case justifying equitable relief.   The law seems settled in this state that equity will not relieve the insured from the consequences of a legal forfeiture.   Attorney General v. Continental Life Ins. Co., 93 N. Y. 70;   Holly v. Insurance Co., 105 N. Y. 437, 11 N. E. 507;   Fowler v. Insurance Co., 116 N. Y. 389, 22 N. E. 576.

The plaintiff, however, asserts that she is relieved from the consequences of the delay by the provisions of section 92 of the insurance law (chapter 690, Laws 1892), requiring the company to mail a notice stating the amount of the premium, etc., prior to the day when the same is payable, and declaring that no forfeiture or lapse shall occur unless such notice shall be mailed nor until 30 days after the mailing thereof.   No allegation is made that the required notice was not mailed within the time limited by the statute prior to the 28th day of July, 1888, and the 28th day of April, 1893, respectively, but her counsel argues that it must be assumed that no such notice was in fact mailed, and that the policy is still in force.

Waiving the apparent inconsistency of a claim that the policy is still in full force, with a concurrent claim that the plaintiff is entitled to a paid-up policy, which by the terms of a contract is only to be issued after the policy has become void, it seems to me that the failure to mail the notice is a fact essential to her cause of action. In her complaint she treats the policy as forfeited, and assigns no date for the default other than the one when the first unpaid premium became due. She asks to be relieved from her neglect in not demanding the paid-up policy during the six months immediately succeeding that default, not by asserting that the six months had not commenced to run as a result of the defendant's failure to mail the statutory notice, but by the assertion of financial embarrassment and mental distress. Both by the terms of the policy and the provisions of section 88 of the insurance law, a paid-up policy may only be demanded within six months after default, and, if the time has been extended by any act or omission of the company, that fact should be pleaded as one essential to the plaintiff's right to the relief sought.

The demurrer must be sustained, and judgment entered accordingly, with costs. Ordered accordingly.