[S. F. No. 1065.   Department One.—March 7, 1899.]

LAURA M. STRAUBE, Appellant, v. PACIFIC MUTUAL
LIFE INSURANCE COMPANY, Respondent.

123 677
f129 458

LIFE INSURANCE—CONSTRUCTION OF POLICY—FORFEITURE—PRODUCTION OF
RECEIPT.—A life insurance policy providing that it shall be for-
feited, "if the premiums shall not be paid within thirty days of
the time they become due, at the office of the company . . . .
or to other duly authorized agents, when they produce receipts
signed by the president," et cetera, is not to be construed as re-
quiring the production of the receipt, as a condition precedent
to the payment of the premium.

ID.—SURRENDER—RIGHT TO PAID-UP POLICY.—Under a policy providing
that after three years' premiums have been paid, the assured,
upon surrender of the policy "while it is, by its terms, in full
force and effect," shall be entitled to a paid-up policy without
profits for an amount allowed by the rules of the company, the
right to a paid-up policy is dependent upon an original policy
of present substantial value, and does not exist where the pol-
icy has become forfeited by its terms.

ID.—CONSTRUCTION OF CODE—APPLICATION OF NET RESERVE TO PREMIUMS
—REQUIREMENT OF STIPULATION.—The provision of section 450 of the
Civil Code requiring life insurance companies insuring residents
of this state by policies delivered therein, to contain a stipulation
that after three years' annual premiums have been paid the net
reserve shall be applied as a premium, and imposing as a pen-
alty for failure to do so the cessation of the right of the company
to do business in this state, is not made part of the contract of
insurance, in the absence of such stipulation, and does not make
the required stipulation a part of the policy as matter of law.

APPEAL from a judgment of the Superior Court of Fresno
County.   E. W. Risley, Judge.

The facts are stated in the opinion of the court.

O. Scribner, and Meux & Johnston, for Appellant.

M. B. Kellogg, and F. E. Cook, for Respondent.

GAROUTTE, J.—Plaintiff, Laura M. Straube, insured the
life of her husband for her benefit in the sum of ten thousand
dollars, under a contract of insurance known as the ordinary life
dividend insurance policy.  The premiums upon this policy were
paid for several years, when a failure to pay the annual pre-
mium occurred.  Some time thereafter the plaintiff surrend-

ered the policy to the company for a cash consideration. Thereafter, and within eighteen months of the default in the payment of said premium, Straube, the insured, died. This action was thereupon brought against the company by plaintiff, the wife, upon a complaint claiming and alleging damages by reason of fraud and deceit practiced by the company in the procurement of the policy of insurance from her. A demurrer was sustained to the complaint and judgment for defendant rendered, no answer being filed.

The single question presented is, Does the complaint state a cause of action? As to the special grounds of demurrer, we pass them as involving questions of no great importance to the disposition of the appeal. It appears to be conceded that the question before the court is, Was this policy of insurance of substantial value to the plaintiff at the time the defendant company obtained it from her? It is insisted that the complaint shows the policy to have been of substantial pecuniary value at that time, and four specified grounds are relied upon to support this proposition. We pass to the consideration of these grounds of contention.

1. The policy of insurance provides: "This policy shall become forfeited and void if the premiums shall not be paid within thirty days of the time they become due, at the office of the company in the city of San Francisco, or to other duly authorized agents, when they produce receipts signed by the president, vice-president, secretary, or assistant secretary." It is now contended that the policy remained in force because the agent did not produce the "receipt" mentioned by this provision of the contract, it being claimed that the proper construction of the policy did not demand that the premium should be paid until such event had taken place. In other words, it is claimed, the production of this receipt was a condition precedent to the payment of the premium. The language of the policy bears no such construction. No demand for the payment of the premium is nominated in the bond. It is provided that the policy shall be forfeited if the premium is not paid within thirty days after it is due, and the contract then declares that it may be paid either at the office of the company in the city of San Francisco, or to the authorized agent when he has pro-

duced a receipt of a certain kind.  By appellant's construction of the contract the premium could not be paid at the general office at all, for by the contract the production of a receipt at that place is not demanded.

2. It is next contended that plaintiff was entitled to a paid-up policy, and this contention is based upon the following covenant in the contract: "The assured, if premiums on this policy have been duly received by said company for not less than three years, shall be entitled to a paid-up policy, without profits, for the same amount as is allowed by the rules of the company on the surrender of corresponding ordinary policy; provided always, that surrender of the policy, duly receipted by the assured, be made to the company at San Francisco, California, while this policy is by its terms in full force and effect." It is provided in this policy, and seems to be conceded by appellant's counsel, that the application for the paid-up policy must be made while the policy is in force.  Under these conditions the question presented under this head seems to be immaterial.  For if the policy were in force when the company obtained it from plaintiff, then it was of substantial value by the mere fact of its vitality; and even if it be conceded that the right to take out a paid-up policy was present at that time, still it adds no weight to appellant's position, for, as already suggested, this right is dependent upon a policy in force and effect at the time the application is made.  In other words, the right to a paid-up policy is dependent upon an original policy, of present substantial value, and that fact is all that appellant needs to support the sufficiency of her complaint.

3. It is next contended that the policy was in full force and effect by virtue of section 450 of the Civil Code.  That part of the section material here is as follows: "Every contract or policy of insurance hereafter made by any person or corporation organized under the laws of this state; or under those of any other state or country, with and upon the life of a resident of this state, and delivered within this state, shall contain, unless specifically contracted between the insurer and the insured for tontine insurance, or for other term or paid-up insurance, a stipulation that when after three full annual premiums shall have been paid on such policy, it shall cease or be-

come void solely by the nonpayment of any premium when due" (and further providing that the net reserve shall be applied as a premium). In the latter part of the section it is declared: "If any life insurance corporation or company shall deliver to any person in this state a policy of insurance upon the life of any person residing in this state, not in conformity with the provisions of this section, the right of such corporation or company to transact business in this state shall thereupon and thereby cease and terminate," et cetera. It is now claimed that by an application of the net reserve fund, referred to in this section, as a premium, the policy was alive and in force and effect. As we construe this section, it becomes unnecessary to decide whether or not this policy contracts for "tontine insurance or for other term or paid-up insurance." That question would squarely present itself if it was sought to enforce the penalty provided by the section for a failure upon the part of the company to insert the nonforfeitable stipulation in the policy. We find no such stipulation in this policy, and, assuming for present purposes only that it is a policy which comes within the scope and intent of section 450, the question presents itself: What is the effect upon the status of the insured by reason of the omission of this stipulation therefrom?

It is contended by the appellant that the stipulation should be read into the policy as matter of law. This position is denied, and it is insisted that the penalty fixed by the section itself is exclusive, and a remedy for the violation of the law rests with the state alone. The court is well assured that this statute is no part of the contract. If the statute had contained a flat declaration that no policy of insurance should be forfeitable after three annual premiums had been paid upon it, or a declaration of any such general import, we should then have something which would become a part of the contract. In such an enactment there would be a declaration fixing the rights of all subsequent contracting parties. But there is no such attempt here. The legislature has not said there shall be no forfeitable contract of insurance made in this state, but in effect has said, if you issue such a policy you are liable to certain penalties for your act. Whether that penalty be a forfeiture of the right to do business, or a fine simply, in no way

changes the conditions. Again, appellant cannot take the position that such a policy would be void as violative of an express declaration of law. Indeed, the statute appears to recognize the power of the company to make such a policy, but declares a severe penalty for the doing of the act. It is plain the legislature never contemplated that the statute should be read into the policy, for if that may be done no injury to anyone could possibly follow a failure to insert the written stipulation therein, and, consequently, there would be no reason why a failure to do it should visit upon the company the drastic treatment provided by law. If the law inserts the stipulation in the policy there is no reason why the company should be required to do it. For all practical purposes it is immaterial who inserts the stipulation, or how that result is brought about. We find none of the authorities cited by appellant opposing these views. Indeed, we find no statute of any other state similar to the one before us.

4. There is no merit in appellant's final contention to the effect that the accumulated dividends should have been applied to the payment of premiums upon the policy.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.