[S. F. No. 1347. Department Two.—August 7, 1900.]

LILLIE RIFE, Respondent, v. UNION CENTRAL LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE—STIPULATIONS IN POLICY FOR PURCHASE WITH NET RESERVE—CONSTRUCTION OF CODE—WAIVER.—The provisions of section 450 of the Civil Code, requiring every life insurance policy delivered in this state upon the life of a resident thereof to contain certain stipulations specified in that section, in reference to the purchase with the net reserve of a term policy or a paid-up policy, in case of nonpayment of premium after three years' full payment thereof, do not have the effect to make such stipulations part of the policy, as matter of law, if not inserted therein, and, if they are so inserted, they are mere matter of agreement, which may be waived by the consent of the parties.

ID.—LOAN UPON POLICY—STIPULATION IN NOTE—PROTECTION OF SECURITY—WAIVER OF TERMS OF POLICY—FORFEITURE.—After payment of

more than three years' premiums, where a cash loan was made upon the policy of nearly the full amount of the net reserve, and the note given therefor stipulates that, if the policy shall at any time thereafter lapse for nonpayment of premium, all provisions in the policy for the issue of a paid-up or a term policy shall become null and void, such stipulation is a reasonable and valid protection of the security of the note, and operates as a waiver of the terms of the policy; and in case of nonpayment of premium thereafter, there is nothing in the laws of the state relative to forfeitures which makes against the enforcement of the condition so agreed upon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Bishop & Wheeler, for Appellant.

The policy must be reasonably construed, where a loan is made upon it, for its deduction before application of the net reserve.  (*Omaha Nat. Bank v. Mutual Ben. Life Ins. Co.,* 81 Fed. Rep. 935; 84 Fed. Rep. 122; Civ. Code, sec. 1655.)  The express agreement of the parties contained in the note must control the terms of the policy, and the forfeiture therein provided for cannot be relieved against.  (*Holly v. Metropolitan Life Ins. Co.,* 105 N. Y. 437; *Klein v. New York Life Ins. Co.,* 104 U. S. 88; *Douglas v. Knickerbocker Life Ins. Co.,* 83 N. Y. 492, 504.)  The parties had the right to contract as they pleased and to waive the terms of the policy by consent.  (*Straube v. Pacific Mut. Life Ins. Co.,* 123 Cal. 677.)  The owner of the policy realized money on the reserve, and the stipulation of the parties was for the reasonable protection of the security.  (*New York Life Ins. Co. v. Statham,* 93 U. S. 24, 34.)

John R. Aitken, for Respondent.

The policy must be construed most strongly against the company, and where its terms expressly provide against forfeiture, a collateral instrument ought not to be construed as rendering the terms of the policy void in that respect, but should be held void rather than the terms of the policy, so far as they conflict.  (*Dwelling House Ins. Co. v. Hardie,* 37 Kan. 674; *Tutt v. Covenant Mut. Life Ins. Co.,* 19 Mo. App. 677; *Fithian v. North-*

*western Life Ins. Co.*, 4 Mo. App. 386; *Symonds v. Northwestern Ins. Co.*, 23 Minn. 494.)   Section 450 of the Civil Code is mandatory in its terms, and operates as a limitation upon the power of insurance companies doing business in this state.   No contract can change or waive the law.  (*White v. Connecticut Mut. Life Ins. Co.*, 4 Dill. 177; *Equitable Life Assur. Soc. v. Clements*, 140 U. S. 226; *Griffith v. New York Life Ins. Co.*, 101 Cal. 627[1]; *Hermany v. Fidelity Mut. Life Ins. Co.*, 151 Pa. St. 17; *Equitable Life Assur. Soc. v. Nixon*, 81 Fed. Rep. 796; *Wallingsford v. Bennett*, 1 Mackey, 303; *Branch v. Tomlinson*, 77 N. C. 388; *Curtis v. O'Brien*, 20 Iowa, 376[2]; *Carter v. Carter*, 20 Fla. 558[3]; *Recht v. Kelly*, 82 Ill. 147[4]; Freeman on Executions, 2d ed., sec. 216; Civ. Code, sec. 3513.)   Where the company can be given all the compensation it stipulates to receive by way of deduction from the policy, there should be no forfeiture for default.  (*St. Louis Mut. Life Ins. Co. v. Grigsby*, 10 Ky. L. Rep. 310; Civ. Code, sec. 3275.)

HENSHAW, J.—This is an appeal from the judgment.  The action was to recover upon an insurance policy, and this appeal involves its construction and interpretation.  On December 15, 1891, the defendant herein issued a twenty payment life rate endowment policy for five thousand dollars on the life of George W. Rife, the annual premium upon which policy was one hundred and thirty-six dollars and ninety-five cents.  Lillie Rife, wife of the insured and plaintiff herein, was named as beneficiary in the policy.  The insured, prior to his death, paid four annual premiums upon the policy, being the premiums due in advance on December 15, 1891, 1892, 1893, and 1894, respectively.  No annual premium was paid on December 15, 1895. At the date of this default the reserve value of the policy was two hundred and seventy-seven dollars and twenty-six cents. Under its provisions this reserve value, applied as a single premium, would have purchased term insurance for the period of two years and twenty-eight days—a time which would have carried the risk beyond the death of the insured.  But on the tenth day of November, 1894, Rife, the insured, together with

[1] 40 Am. St. Rep. 96.
[2] 89 Am. Dec. 543.
[3] 51 Am. Rep. 618.
[4] 25 Am. Rep. 301.

his wife, the beneficiary, applied to the defendant for a cash loan upon the policy, such privilege being one, among others, accorded the insured under its terms. The provision of the policy in this regard is as follows: "The company will loan on this policy as collateral security any amount not exceeding that named in the table below and corresponding to the number of annual cash premiums paid." Pursuant to this provision Rife and his wife secured a loan of two hundred and forty dollars upon the security of the policy, and executed their joint and several note to the company. The note contained this clause: "If said policy shall at any time lapse for nonpayment of premium, all provisions in said policy providing for the issue of a paid-up or a term policy shall thereupon and by reason thereof forthwith become null and void." The policy itself contained the following conditions and covenants: "After three years' premiums have been paid, except in case of failure to pay at maturity a premium note, the company will, upon legal surrender of this contract while in force, and the payment of all outstanding premium notes, issue a paid-up, nonparticipating life policy for the amount named in table 'A' on the following page. In case of default for nonpayment of premium after three years, and no legal surrender having been made, the insured having paid at maturity all notes given for premium, then this policy shall, without surrender, but upon the payment of all outstanding premium notes, become a paid-up term policy, without change of terms or conditions, except as to the payment of premiums and participation in profits, and continue in force for such time as one annual premium on this policy is contained in its reserved value according to the American four per cent table of mortality, at the end of which time this contract shall cease."

The covenants of the policy above quoted are in conformity with section 450 of the Civil Code. In *Straube v. Pacific Mut. Life Ins. Co.*, 123 Cal. 677, that section is construed, and it is held that its terms do not become a part of an insurance contract as matter of law. The penalty for a failure to insert this provision is the liability of the insurance corporation to suffer forfeiture of its franchise upon proceedings instituted by the state, but the parties are competent to make such an insurance contract as they may agree upon. The decision in the Straube

case was handed down by this court after the original briefs in this cause were filed. Its interpretation of section 450 of the Civil Code relieves this case from the necessity of a discussion of this matter.

Rife, the insured, died while in default for nonpayment of premium upon his policy, but his death occurred at a time within which term insurance for the full amount of the policy (if he was entitled to term insurance) would have been in force. Plaintiff's action is founded upon a construction of the policy which entitles her to avail herself of such term insurance, and in this view she prevailed in the trial court. Upon the part of appellants it is insisted that the right to term insurance was lost under the terms of the written contract expressed in the note, when the Rifes made default in the payment of premium. Admittedly, they were in such default at the time of the death of Rife, and at the time of the commencement of this action.

Even were we not relieved from a consideration of the meaning of section 450 of the Civil Code, as applied to a contract such as this, it would be plainly inequitable to contend, as here respondents contend, that by virtue of that section, and of the provision in the policy relative to loans, one might borrow from the insurance company, upon the security of the policy alone, practically its full value, and at the same time by defaulting in the payment of premiums compel the company to destroy its security by converting the policy into one of term insurance. So manifestly unjust would be such a construction of the law that only upon compulsion would a court adopt it. But section 450 of the Civil Code provides that from the amount to be applied upon such term insurance is to be deducted "any indebtedness to the company on such policy." By the very terms of the policy itself the loan was to be made upon the collateral security afforded by it. The reserve upon this policy was two hundred and seventy-seven dollars and twenty-six cents. The note and interest amounted to two hundred and sixty-one dollars and seven cents, and if term insurance was to be permitted at all, it could only be for the time which would be covered by the difference between the reserve of two hundred and seventy-seven dollars and the indebtedness of two hundred and sixty-one dollars, or sixteen dollars and nineteen cents. As is said

in *Omaha Nat. Bank v. Mutual Ben. Life Ins. Co.*, 81 Fed. Rep. 935: "It is the net reserve less all indebtedness on the policy, including the outstanding premium loan, that is to be invested in the new form of insurance, whether under the first or second alternative clause. This does exact justice to both parties to the contract. But if, in case of the purchase of term insurance, the premium loan is not deducted, and the insured should outlive the purchased term, then the company's lien would be gone and the premium loan left unpaid. A construction of the contract which might lead to such a result is not to be accepted. I am of the opinion that the premium loan on each of the policies in suit outstanding at the time of the lapse was an indebtedness to the company on the policy within the meaning of the nonforfeiture provisions."

But as the provisions of section 450 of the Civil Code did not become an essential and nonwaivable part of the contract by operation of law, it became competent for the parties to contract as they saw fit, and in the note given to secure the loan made upon the security of the policy is found the condition above quoted. The parties who executed the note to the corporation were all the parties in interest under the insurance policy. It was competent for them to waive or modify, with the assent of the insurer, any of its terms and conditions, and they bound themselves by the distinct condition that the provisions in the policy providing for the issue of a paid-up or term policy should become null and void if the premiums were not paid as they became due. There was nothing harsh or inequitable in this condition. It was but a reasonable protection to the insurance company in preserving its security. Nor do we perceive anything in the laws of the state relative to forfeitures which makes against the enforcement of such a condition. (See *Douglas v. Knickerbocker Life Ins. Co.*, 83 N. Y. 492; *Holly v. Metropolitan Life Ins. Co.*, 105 N. Y. 437; *Klein v. New York Life Ins. Co.*, 104 U. S. 88.)

The judgment appealed from is therefore reversed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.