### EQUITABLE LIFE ASSURANCE SOCIETY v. MARTHA P. EVANS.

Decided March 16, 1901.

**Life Insurance—Forfeiture—Paid-Up Insurance—Surrender of Policy.**

Where a life insurance policy stipulated that in case it should, after three years, become void by reason of nonpayment of any premium due thereon, the insurance company would issue in lieu thereof a paid-up policy for the amount of the premiums already paid, provided the policy, duly receipted, should be surrendered to the company within six months after such default in payment, a compliance with such condition precedent within the six months is essential to a recovery of such paid-up insurance, time being of the essence of the contract in this regard.

Appeal from Hopkins. Tried below before Hon. B. W. Foster, Special Judge.

*Coke & Coke,* for appellant.

*Crosby & Dinsmore,* for appellee.

SMITH, SPECIAL ASSOCIATE JUSTICE.—This is a suit by Martha P. Evans, appellee, who is the surviving wife of Harry A. Evans, deceased, against the Equitable Life Assurance Society, of the United States, claiming an indebtedness by virtue of a policy of insurance on the life of Harry A. Evans, issued by the appellant. In the court below judgment was rendered in favor of the appellee for the sum of $1250 with interest thereon from December 6, 1898, from which appellant has duly appealed.

The policy of insurance was dated and issued on February 9, 1888, in favor of appellee, and contained the following provisions considered necessary to be set out, to wit: "The Equitable Life Assurance Society of the United States, No. 120 Broadway, New York, in consideration of the application for this policy of insurance, and of each of the statements made therein; and in further consideration of the payment of the

sum of $139.65, at the office of the society, in the city of New York, at the date thereof, and of the annual payment of $139.65, to be paid at the said office, on or before the 24th day of January in every year (provided that when premiums for twenty full years shall have been duly paid to said society, no further premiums will be required), does promise to pay to Martha P. Evans, wife of Harry A. Evans, for her sole use, if living, in conformity with the statute, * * * the sum of five thousand dollars (any indebtedness to the society on account of this contract to be first deducted therefrom), at the office of the society, in the city of New York, within sixty days after satisfactory proofs of the death of said Harry A. Evans, of Lancaster, in the county of Garrard, State of Kentucky, shall have been furnished to the society at its said office. * * * And further, that if premiums upon this policy for not less than three complete years of assurance shall have been duly received by said society, and this policy should hereafter become void in consequence of default in payment of a subsequent premium, said society will issue, in lieu of such policy, a new paid up policy, without participation in profits, in favor of said Martha P. Evans, if living, and if not living, to the surviving children of said Harry A. Evans, or their guardian, for their use, or if there be no such children surviving, then to the executors, administrators, or assigns of said Harry A. Evans, for as many twentieth parts of the original amount hereby assured as there shall have been complete annual premiums received in cash by said society upon this policy at the date when such default shall first be made; provided, however, that this policy shall be surrendered, duly receipted, within six months of the date of default in payment of a premium as mentioned above. * * * All premiums are considered payable annually in advance * * * and if any premium, or installment of a premium, on this policy shall not be paid when due, this policy shall be void; and no credit for surplus accumulated on this policy shall be deemed applicable to the payment of any premium; nevertheless, nothing herein shall be construed to deprive the holder of this policy of the privilege to demand and receive paid up insurance in accordance with the agreement contained in this policy."

An indorsement on said policy, dated New York, January 23, 1893, and duly executed by appellant is as follows: "In lieu of the annual premiums due hereafter on this policy there shall be substituted semi-annual premiums each of $72.65, payable on each twenty-fourth day of January and July hereafter, during the continuance of the policy."

On the trial it was agreed and we find that on and prior to January 24, 1888 appellee was the lawful wife of said Harry A. Evans; that she continued to be such wife until the death of said Harry A. Evans, which occurred in the town of Sulphur Springs, Texas, on the 5th day of August, 1898; that said Harry A. Evans paid the premiums upon said policy of insurance down to July 24, 1893; that on the last named date said policy of insurance lapsed for nonpayment of premium due on said date; that proofs of death under and in accordance with the policy were

furnished by appellee to appellant on October 6, 1898, which proofs were on the same day returned by appellant to appellee with a letter stating that said policy had lapsed for nonpayment of premium on July 24, 1893, and by its terms was null and void. We further find the uncontroverted facts to be that Harry A. Evans defaulted in the payment of the semi-annual premium which became due on July 24, 1893, and that same has never been paid; that no demand upon or application to appellant was made by Harry A. Evans, nor by anyone else for a paid-up policy based upon the aforesaid policy within six months from July 24, 1893, and said policy was not by Harry A. Evans, nor by anyone, surrendered duly receipted, nor surrendered at all, within six months of July 24, 1893. The record shows that there was some correspondence between Harry A. Evans and appellant in April and May, 1894, but in view of the disposition we feel constrained under the law to make of this case, we deem it unnecessary to here set it out.

It is contended by the appellee that the surrender of the original policy, duly receipted, to appellant within six months of July 24, 1893, the date that Harry A. Evans made default in the payment of the semi-annual premium, was not, under the contract, a condition precedent to the right of Harry A. Evans to paid up insurance, but that, having paid five complete annual premiums, he became, ipso facto, upon making default in the payment of the premium, absolutely entitled to a paid-up policy of insurance on his life, in an amount equal to five-twentieths of the face of the original policy, that is, to paid-up insurance for $1250; and appellee's suit is brought to enforce this claim; and appellee contends further that, if a surrender of the original policy duly receipted was an act that was required to be performed by Harry A. Evans, or some one else, before his right to such paid-up insurance became absolute, the then time within which the original policy was required to be so surrendered was not of the essence of the contract, and that it was not necessary that it should be done within six months after defaulting in the payment of the premium.

Appellant's contention is just the reverse, and is presented by its first assignment of error, which is as follows: "The court erred in rendering judgment in favor of the plaintiff, because the evidence shows that her right to recover any sum was dependent upon the surrender to defendant of the policy introduced in evidence, duly receipted, within six months from July 24, 1893, and that no surrender of said policy within said time, duly receipted, or otherwise, was made or attempted to be made by plaintiff, or anyone else."

The right of Harry A. Evans to paid-up insurance in the amount of five-twentieths of $5000, after having paid premiums for five complete years, upon making default in the payment of premium on July 24, 1893, was not a perfected, absolute right. It was an inchoate right made by the very contract which Harry A. Evans entered into and upon which appellee relies, to depend upon the performance by Harry A. Evans, or the beneficiary, of an act whose performance rested with him alone.

He was required by the contract to surrender the original policy, duly receipted, within six months of his default in payment of the premium before his right to paid-up insurance should become absolute. The record does not show any legal excuse for his failure to do this, nor that the appellant has in any manner waived such failure. There is nothing in this requirement of the policy that is in violation of any statute or principle of public policy, and the provision itself appears to be reasonable. Courts have no power under such circumstances to enlarge the rights of a party under contract which he has voluntarily assumed, or to say that a part performance is as good as a complete performance. Under the contract Harry A. Evans had current insurance on his life in the sum of $5000 until he made default in the payment of the semi-annual premium which became due on July 24, 1893. Instantly upon making such default, his current insurance for $5000 lapsed, and his sole right then was to surrender his original policy, duly receipted, to appellant within six months of such default, whereupon he would have been entitled to a new paid-up policy of insurance on his life in the sum of $1250. It would not be contended that the current insurance in the sum of $5000 upon his life was in force after such default. It is universally held that under such a policy the payment of the premium when due is a condition precedent to the continuation of the liability of the insurer so far as the original amount of insurance is concerned. In such case time is of the essence of the contract. Now, when the original insurance has lapsed by default in the payment of the premium, and the contract provides that the insured shall be entitled to a new paid-up policy for a certain amount, provided he perform a certain act, to wit, surrender the original policy, duly receipted, within a specified time, why is time not of the essence of the contract as well as in the payment of the premium? In one case money is to be paid, in the other an act to be performed by the insured. It must be presumed that the performance of the required act on the part of the insured within the time required was deemed material by the parties to the contract, and, in this kind of contract, of value to the insurer, else it would not have been inserted in the contract. We conclude that the surrender of the original policy, duly receipted, within the time prescribed was a condition precedent to the right of Harry A. Evans to paid-up insurance, and that by his failure to do this his imperfect right thereto never matured and is now lost. In this conclusion we are sustained by the great weight of authority. Stayner v. Insurance Co., 49 N. Y. Supp., 380; McLaughlin v. Insurance Co., 57 N. W. Rep., 557; Hudson v. Insurance Co., 28 N. J. Eq., 167; Attorney General v. Insurance Co., 93 N. Y., 70; Cravens v. Insurance Co., 50 S. W. Rep., 526; Knapp v. Insurance Co., 117 U. S., 411; 2 Joyce on Ins., sec. 1185, and authorities there cited; Insurance Co. v. Devore, 14 S. E. Rep., 532; Insurance Co., v. Whitehead, 58 Miss., 230, 38 Am. Rep., 322; Sheerer v. Insurance Co., 20 Fed. Rep., 886.

We have found no authority clearly to the contrary, except from the State of Kentucky, and the decisions of that State have not been har-

monious. See Hexter v. Insurance Co., 15 S. W. Rep., 863; Insurance Co. v. Jarboe, 42 S. W. Rep., 1097; Montgomery v. Insurance Co., 14 Bush, 51; Insurance Co. v Montague, 2 S. W. Rep., 443; Chase v. Insurance Co., 67 Me., 85; Dorr v. Insurance Co. (Maine), 7 Ins. Law Jour., 370.

There are other assignments of error presented by appellant which are not necessary to be considered in view of our conclusions upon the vital question in this case. We therefore conclude that the court erred in rendering judgment for appellee and that the judgment of the court below should be reversed and judgment here rendered for appellant, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.