JOSIE I. BLUME, Appellant, *vs.* THE PITTSBURG LIFE AND TRUST COMPANY, Appellee.

*Opinion filed April 23, 1914.*

1. INSURANCE—*relation of an insurance company to a policyholder is contractual.* The relation of an insurance company to a policyholder is purely contractual and does not ordinarily involve any element of trust, and it is the duty of the courts to construe and enforce the agreement as made and not to make a new contract for the parties.

2. SAME—*when surrender of a policy is precedent to right to paid-up insurance.* Where a life insurance policy provides that after full premiums have been paid for a certain number of years the policy can be surrendered within six months from the date of lapse for paid-up insurance or for cash, as specified in accompanying tables, and further provides that except as to such provisions the policy shall become void if the premium is not paid when due, the surrender of the policy within six months after the date of lapse is a condition precedent to the right to paid-up insurance or cash, and if no surrender is so made such rights are forever gone.

APPEAL from the Branch "C" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

O'BRYAN & MARSHALL, (EDWARD O'BRYAN, of counsel,) for appellant.

JOHN R. ROLLINS, and FRANK EWING, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, Josie I. Blume, brought an action of asumpsit against the Pittsburg Life and Trust Company on a policy of life insurance for $5000, seeking to recover $760 claimed by her as paid-up insurance under said policy. The trial court rendered judgment against her for costs. The record was removed to the Appellate Court for the First District by a writ of error to the municipal court of Chicago. The Appellate Court affirmed the judgment below and granted a certificate of importance and an appeal to this court.

The life policy was issued by the Security Trust and Life Insurance Company upon the life of George A. Blume. After the issuance of the policy the Security Trust and Life Insurance Company transferred all of its assets and liability policyholders to the appellee, the Pittsburg Life and Trust Company. George A. Blume paid five annual premiums on said policy of insurance and gave his note for $196 for the premium falling due October 15, 1905, upon which he paid $75.30. The last payment was made May 1, 1906. The insured died November 29, 1910. The following provisions are in the policy:

"6. *Paid-up values.*—If the full premiums on this policy be paid, as already provided, for not less than three complete years, it can be surrendered within six months

263 — 11

from the date of lapse for the amount of non-participating paid-up life insurance specified in the accompanying table.

"7. *Cash value.*—If the full premiums on this policy be paid, as already provided, for not less than five complete years, it can be surrendered within six months from the date of lapse for the amount of cash specified in the accompanying table.

"8. *Re-instatement.*—This policy will be re-instated, on written application from the insured, after non-payment of any premium, subject to satisfactory evidence of good health furnished on the company's blanks and the payment of the premiums then due, with interest at the rate of six per cent for the time elapsed.

"11. *Premiums.*—* * * If any premium is not paid on or before the day it is due, this policy shall become void and all payments previously made shall remain the property of the company, except as hereinbefore provided."

The table accompanying the policy referred to in clauses 6 and 7 shows that the insured might have surrenderd his policy after it had lapsed and received either $350 as a cash surrender value or a paid-up policy for $760. The policy was not surrendered by the insured in his lifetime, nor did he make any request for paid-up insurance or otherwise indicate that he desired to avail himself of either of the options stipulated in the policy. On October 6, 1906, the Security Trust and Life Insurance Company wrote the insured that if he desired to re-instate his policy it would be necessary for him to furnish a satisfactory certificate of good health, and that until said certificate was furnished the policy stood lapsed. There was no reply made to this letter. After May 1, 1906, when the insured made a partial payment upon his note for the sixth premium, he seems to have paid no further attention whatever to his insurance contract.

Appellant's contention is that when the policy lapsed for the non-payment of the premium it was automatically

converted into a paid-up contract for the amount of insurance specified in the table, and that the provision requiring the insured to elect within six months whether he would take the cash surrender value or paid-up insurance is not a condition precedent with which the insured was required to comply; or, differently stated, the contention is that the limitation of six months in which it is provided that the policy may be surrendered and paid-up insurance substituted is not of the essence of the contract. We are not aware that the precise question thus raised has heretofore been considered by this court although it has frequently arisen in other jurisdictions. A question somewhat similar to the one involved here was decided in *Phœnix Mutual Life Ins. Co.* v. *Baker*, 85 Ill. 410, and there this court held that where a party takes a policy of insurance on his life for five years, with the privilege, at any time after the payment of three annual premiums, of taking a paid-up policy by a surrender of the original policy, if he wishes to avail himself of this privilege he must do so before the policy expires. It was held that if he waited until the expiration of the five years his right to take a paid-up policy will be gone, for the reason that he would then have nothing to surrender for a paid-up policy. In that case the policy was a five-year term policy and expired by its own terms at the end of the period fixed. At the end of the term, the contract having expired, the insured would have nothing to surrender in exchange for a paid-up policy. By the terms of the policy involved in the case at bar the policy lapsed for the non-payment of premium, with the proviso that the insured might within six months surrender his policy and take paid-up insurance for a specified amount or the cash surrender value thereof. The policy does not provide that upon a failure or neglect of the policyholder to surrender his policy within the prescribed period and apply for paid-up insurance the original policy shall stand as a paid-up policy, but, on the contrary, the provision is that if the insured does

not within six months make his election and surrender the policy, at the end of that period all rights of the insured thereunder, of every kind and character, are forever gone. This seems to be the clear meaning of the language of the contract. The relation of an insurance company to its policyholders is purely contractual. There is ordinarily no element of trust relation involved. The parties being competent to contract, had a legal right to insert such provisions in the agreement as they saw proper, and it is the duty of courts to construe and enforce agreements as made and not to make new contracts for parties.

Our conclusion is that the right to paid-up insurance or surrender value was conditioned upon the surrender of the old policy within six months from the time it lapsed for the non-payment of the premium, and that a failure on the part of the insured to make an election within the time caused the forfeiture, which was conditional in the first instance, to become absolute after the expiration of six months. This view is supported by the decided weight of authority outside of this State. *Knapp* v. *Homeopathic Life Ins. Co.* 117 U. S. 411; *Bonner* v. *Mutual Life Ins. Co.* 36 So. Rep. 538; *Cravens* v. *New York Life Ins. Co.* 148 Mo. 583; *McLaughlin* v. *Equitable Life Assurance Society,* 38 Neb. 725; *Attorney General* v. *Continental Life Ins. Co.* 93 N. Y. 70; *Equitable Life Assurance Society* v. *Evans,* 25 Tex. Civ. App. 563; *Meyer* v. *Manhattan Life Ins. Co.* 144 Ind. 439; *Straube* v. *Pacific Mutual Life Ins. Co.* 123 Cal. 677; *Bussing* v. *Union Mutual Ins. Co.* 34 Ohio St. 222; *Smith* v. *National Life Ins. Co.* 103 Pa. St. 177; *Universal Life Ins. Co.* v. *Devore,* 88 Va. 788. See, also, 2 Joyce on Insurance, secs. 1184, 1185.

The Supreme Court of Arkansas, in *Lenon* v. *Mutual Life Ins. Co.* 80 Ark. 563, (8 L. R. A. [N. S.] 193,) and the Supreme Court of Kentucky, in *Manhattan Life Ins. Co.* v. *Patterson,* 109 Ky. 624, are the only courts that seem to have taken an opposite view of this question. The

Appellate Court for the First District, in *Ingersoll* v. *Mutual Life Ins. Co.* 156 Ill. App. 568, following the Arkansas and Kentucky cases, reached the same conclusion announced by those courts. Aside from the fact that those cases are opposed to the decided weight of authority in the United States, we are not deeply impressed with the reasoning upon which the conclusions in those cases rest. ·

The judgment of the Appellate Court for the First District is correct, and the same will be affirmed.

*Judgment affirmed.*