## CLARK v. LIFE INS. CO. OF VIRGINIA. *
### No. 14844.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

Charles J. Mundy, of New Orleans, for appellant.

Solomon S. Goldman and Eugene McGivney, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action.

Plaintiff's petition in effect alleges that she is entitled to the avails of an industrial life insurance policy issued on October 31, 1898, by the defendant Life Insurance Company of Virginia, to her late father, Chris Harris, who died in 1933, after having paid the premiums due under the policy up to March 12, 1923; that at the time of the default of the payment of premiums May 19, 1923, the policy had a paid-up value of $95.70; that the insurer resists payment, upon the ground that no request was made by the policyholder within eight weeks of the default accompanied by the release of the policy as stipulated by the policy contract; that the requirement in the policy is null and void because against public policy and because not of the essence of the policy contract.

The policy contains a stipulation reading "If any premiums shall not be paid according to the terms hereof this policy shall be void, all premiums paid shall be forfeited to the company except as herein provided." It is elsewhere provided in the policy that if after the payment of weekly premiums for five or more years the policy should lapse by reason of default in the payment of premiums, "the company agrees to issue a non-participating paid-up policy for.an amount computed according to the first table below (conceded to be $95.70 in this instance) the said paid-up policy to be continued in force for the full expectation of the life of the insured, * * * provided that this policy shall be legally surrendered to the company and application for said paid-up policy made in writing on the blank obtainable from the company for that purpose within eight weeks after said default."

The sole question presented is whether the proviso concerning surrender of the policy and application for paid-up insurance eight weeks after default should be given effect, there being no allegations in the petition that its terms were complied with.

Act No. 193 of 1906 prohibiting the forfeiture of insurance policies under certain conditions has no application here because it applies only to policies issued after January 1, 1907.

The issue is new in this state, but has often arisen in other jurisdictions. The point of view of plaintiff is well expressed in the words of Chief Justice Hill, in Lenon v. Mutual Life Insurance Co., 80 Ark. 563, 98 S. W. 117, 118, 8 L. R. A. (N. S.) 193, 10 Ann. Cas. 467: "The forfeiture of the primary insurance by reason of failing to pay brings into being the secondary insurance stipulated to be payable in such event. The event itself, and not the surrender of the policy, brings into effect the secondary condition of the original contract. * * * 'The premiums by express convention paid for both current insurance and a paid-up policy, and now to deny to the assured the benefit of a paid-up policy because the old one was not surrendered in time is, in the strictest and most obnoxious sense, a forfeiture. Such a claim is without support in reason, justice, or authority, and cannot be supported in a court of equity.' Montgomery v. Insurance Co., 14 Bush (Ky.) 51."

As Chief Justice Hill points out, while the Supreme Courts of Kentucky and of Maine are in accord with the Arkansas court, the decided weight of authority throughout the United States is to the contrary. In our opinion, the view of the majority is correct. In Blume v. Pittsburgh Life & Trust Co., 263 Ill. 160, 104 N. E. 1031, 1032, 51 L. R. A. (N. S.) 1044, Ann. Cas. 1915C, 505, we find the following: "Our conclusion is that the

right to paid-up insurance or surrender value was conditioned upon the surrender of the old policy within six months from the time it lapsed for the non-payment of the premium, and that a failure on the part of the insured to make an election within the time caused the forfeiture, which was conditional in the first instance, to become absolute after the expiration of six months. This view is sup-' ported by the decided weight of authority outside of this state. Knapp v. Homeopathic Life Ins. Co., 117 U. S. 411, 6 S. Ct. 807, 29 L. Ed. 960; Bonner v. Mutual Life Ins. Co. (Miss.) '36 So. 538; Cravens v. N. Y. Life Ins. Co., 148 Mo. 583, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628; McLaughlin v. Equitable Life Ass. Society, 38 Neb. 725, 57 N. W. 557; Attorney Gen. v. Continental Life Ins. Co., 93 N. Y. 70; Equitable Life Ass. Society v. Evans, 25 Tex. Civ. App. 563, 64 S. W. 74; Meyer v. Manhattan Life Ins. Co., 144 Ind. 439, 43 N. E. 448; Straube v. Pac. Mutual Life Ins. Co., 123 Cal. 677, 56 P. 546; Bussing v. Union Mutual Life Ins. Co., 34 Ohio St. 222; Smith v. National Life Ins. Co., 103 Pa. 177, 49 Am. Rep. 121; Universal Life Ins. Co. v. Devore, 88 . Va. 778, 14 S. E. 532. See, also, 2 Joyce on Insurance, §§ 1184, 1185."

We know of no reason for holding the provision in question against public policy, and plaintiff has suggested none.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.