## COUDRAY et al. v. LIFE INS. CO. OF VIRGINIA.

### No. 16022.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

Charles J. Mundy, of New Orleans, for appellants.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellee.

LECHE, Judge.

From a judgment dismissing their suit, plaintiffs have appealed. The suit was for the purpose of claiming the proceeds under a certain policy of life insurance issued by the defendant company. The policy is dated May 2, 1898, and insures the life of Solomon Parker in the sum of $160, and plaintiffs, as sisters of the insurer, claim the proceeds thereof. It appears that the premiums were regularly paid until some time in the month of May, 1919, by plaintiffs' mother, and from that date paid by one of plaintiffs until March 6, 1933. After this date several weeks elapsed, and one of petitioners paid an agent of the company the sum of $1 to revive said policy. Subsequently the insured died, and defendant company refused payment under the following provision of the policy contract:

"If, after the payment of the weekly premium hereon for five or more years, this Policy shall become void by reason of default in the payment of premiums, the company agrees to issue a non-participating Paid-up Policy for an amount computed according to the first table below, the said Paid-up Policy to be continued in force for the Full Expectation of Life of the Insured, at the date of issue of the Paid-up Policy, according to the second table below, provided that this Policy shall be legally surrendered to the Company and application for said Paid-up Policy made in writing on the blank obtainable from the Company for that purpose within eight weeks after said default."

The precise question was presented to this court in the case of Clark v. Life Ins. Co. of Va., 160 So. 461, and for the reasons set forth in our opinion in that case, the judgment appealed from is affirmed.

Affirmed.