ELLA ANSON, Appellee, vs. THE NEW YORK LIFE INSURANCE COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. INSURANCE—*doubtful provisions of policy construed most favorably for the insured.* In construing provisions of an insurance policy regard must be had to the object and purpose which were intended by the contracting parties, and doubtful provisions are to be construed most favorably for the insured.

2. SAME—*a provision authorizing company to deduct indebtedness construed as not applying to general indebtedness.* A provision in a life insurance policy that "any indebtedness to the company will be deducted in any settlement of this policy or of any benefit thereunder," is limited to such indebtedness as might arise under the terms of the policy, either by lending money to the insured, as therein provided, or by extending time for paying premiums, and does not extend to general indebtedness of the insured to the company unconnected with the policy.

VICKERS, J., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

EDWARD O'BRYAN, and WILLIAM N. MARSHALL, for appellant.

ANDERSON, ANDERSON & ANDERSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellee, Ella Anson, recovered a judgment in the municipal court of Chicago against the appellant, the New York Life Insurance Company, for $225.01, being a balance claimed to be due on a policy of life insurance issued by appellant on the life of Charles W. Anson, husband of the appellee. The judgment was affirmed in the Appellate Court for the First District, and the case is brought to this

252—24

court upon a certificate of importance by appeal from that judgment.

On August 11, 1904, appellant issued a policy of life insurance in the sum of $1000 to Charles W. Anson, appellee being named as beneficiary. Anson died in 1907, having paid all the premiums as they became due. At the time the policy was issued and at the time of his death he was indebted to the appellant in the sum of $225.01. The appellant claimed the right to withhold that sum under the terms and conditions of the policy, and paid the appellee $774.99. This suit was brought to secure the amount thus withheld. The sole question for our determination is whether the appellant had the right to deduct the amount claimed to be due from Charles W. Anson in its settlement with appellee.

The policy of insurance contained a number of provisions, among them being one numbered 6, which was as follows: "Any indebtedness to the company will be deducted in any settlement of this policy or of any benefit thereunder," and it is by virtue of this provision that appellant claims the right to deduct this amount in its settlement with appellee.

The facts were stipulated, and they show that prior to making this insurance contract with the appellant, Charles W. Anson had been in its employ as an agent. He quit the service of appellant at the time this policy was issued and at that time was indebted to it in the sum of $225.01. The indebtedness grew out of his transactions with appellant as its agent, extending over a period of about one year, and consisted of numerous items. It was in nowise connected with this policy of insurance but had to do entirely with his employment as an agent.

Appellee contends that the language of this provision is uncertain and ambiguous, and being so, that it must be construed most favorably for the insured; while appellant, on the other hand, contends that there is no ambiguity or un-

certainty in the language of the provision, but that under the plain meaning of its terms it gives to appellant the right to deduct from the amount due on the policy the amount of any indebtedness of the insured to appellant at the time of his death. The meaning of the language used in this provision is not free from doubt. It is not clear that the indebtedness referred to is meant to be the indebtedness of the insured or that of the beneficiary. Neither is it certain whether it refers only to indebtedness growing out of or connected with the policy of insurance or to indebtedness in general. In construing the meaning of any of the provisions of a policy of insurance regard must be had to the object and purpose which were intended by the contracting parties, and the policy being signed by the insurer alone and the language employed being that of the insurer, the provisions are usually construed most favorably for the insured in case of doubt or uncertainty in its terms. *Healey* v. *Mutual Accident Ass'n,* 133 Ill. 556.

Among the provisions in the policy preceding provision 6 is one which provides for cash loans to the insured on the pledge and security of the policy. The obligation to pay the annual premium and the possibility of borrowing money by pledging the policy were the only ways in which the insured could become indebted to appellant by reason of his connection with it as a policy holder. If we consider the object and purpose which were intended by the parties, in construing provision 6, what indebtedness can it be said was contemplated by them? Bearing that purpose in mind, it cannot be said that they contemplated any other indebtedness than that connected with the subject of the insurance. Appellant would hardly contend that by this provision it was contemplated that it might be enabled to purchase outstanding notes and claims against the insured equal to the amount of the policy and thus defeat entirely his object in purchasing the insurance, yet the contention of appellant that this was meant to refer to any possible

indebtedness would be broad enough, if sustained, to allow it to do so. The indebtedness that must be understood to have been referred to by appellant and the insured was that which might arise by virtue of the terms of the policy itself,—that is, either by lending money to the insured as the policy provided, or by extending the time for paying any premium, as it also provided might be done. The provision is uncertain and ambiguous, and being so, the trial court properly construed it most favorably for the insured.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE VICKERS, dissenting.