## Josie I. Blume, Plaintiff in Error, v. Pittsburgh Life & Trust Company, Defendant in Error.

### Gen. No. 18,209.

1. INSURANCE, § 93*—*what provisions may be incorporated in policy*. Parties competent to contract are at liberty to incorporate such provisions in a contract of insurance as they choose, providing such provisions are not inhibited by law or by good morals.

2. INSURANCE, § 120*—*when policy not construed as ambiguous*. The rule that language employed in a contract is to be given its commonly accepted meaning, applies to contracts of insurance as to other contracts; its qualification that ambiguous language is to be construed most strongly against the insurer does not authorize a perversion of language for the purpose of creating an ambiguity where none exists.

3. INSURANCE, § 310*—*when paid up insurance is forfeited by not surrendering policy*. Where a life insurance policy provides that it can be surrendered within six months from the date of lapse for the amount of nonparticipating paid up insurance specified and also provides for forfeiture on nonpayment of premiums, the contract is not automatically executing and no paid up insurance can be recovered after a lapse if the policy was not surrendered within the time provided in absence of a waiver of the provision by the insurer.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

O'BRYAN & MARSHALL, for plaintiff in error.

JOHN H. ROLLINS and FRANK EWING, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. JUSTICE BAUME delivered the opinion of the court.

On October 9, 1900, the Security Trust & Life Insurance Company, a New York corporation, issued to George A. Blume a policy of insurance on his life for $5,000, payable at his death to his wife, Josie I. Blume. Thereafter, on September 15, 1906, upon a transfer to it of all the assets of the initial insurer, the Pittsburgh Life & Trust Company, a Pennsylvania corporation, assumed all liability under the policies issued by the initial insurer. The insured made payment of five annual premiums of $196 and gave his note for the premium falling due October 15, 1905, upon which he paid $75.30, the last payment thereon being made May 1, 1906. The insured died November 29, 1910, having made no further payment of premiums on the policy.

The policy contained, among other provisions not here involved, the following:

"VI. Paid-up Values. If the full premiums on this policy be paid, as already provided, for not less than three complete years, it can be surrendered within six months from the date of lapse for the amount of non-participating paid-up life insurance specified in the accompanying table."

"VII. Cash Value. If the full premiums on this policy be paid, as already provided, for not less than five complete years, it can be surrendered within six months from the date of lapse for the amount of cash specified in the accompanying table."

"VIII. Reinstatement. This policy will be reinstated, on written application from the Insured, after non-payment of any premium, subject to satisfactory evidence of good health furnished on the Company's blanks and the payment of the premiums then due with interest at the rate of six per cent. for the time elapsed."

"XI. Premiums. * * * If any premium is not paid on or before the day it is due, this policy shall become void and all payments previously made shall remain the property of the company except as hereinbefore provided. * * * ".

The table accompanying the policy specifies $760 as the amount of nonparticipating paid up life insurance, if after payment of full premiums for five years the policy shall have lapsed and been surrendered within six months from the date of lapse; and the same table specifies $350 as the cash value of the policy, if, after payment of full premiums for five years said policy shall have lapsed and been surrendered within six months from the date of lapse.

The policy was not surrendered by the insured in his lifetime and no request or demand was made by him for nonparticipating paid up life insurance of $760.

On July 18, 1911, after the death of the insured, Josie I. Blume, his widow and the beneficiary named in the policy, brought suit in the Municipal Court against the Pittsburgh Life & Trust Co. to recover the sum of $760, claimed to be due under the terms of said policy for paid up life insurance. A trial by the court without a jury resulted in a finding for the defendant and judgment against the plaintiff in bar of her action and for costs. This writ of error is prosecuted to reverse such judgment.

Under date of October 6, 1906, the Security Trust & Life Insurance Co. wrote the insured, in substance, that if he desired to reinstate his policy it would be necessary for him to furnish a satisfactory health certificate, and that until such certificate was furnished the policy stood lapsed. To this letter the insured made no response.

It is insisted by plaintiff in error that time is not of the essence of the contract as to the sixth clause of the policy, which provides that if the full premiums be paid for not less than three years it can be surrendered *within six months from the date of lapse* for nonparticipating paid up life insurance; that as the insurance company has received and has in its reserve the entire consideration for such paid up insurance

the contract for such paid up insurance must be construed as automatically executed, and the insured was not obliged to make any demand therefor or to surrender the original policy.

Parties competent to contract are at liberty to incorporate such provisions in a contract as they choose, providing such provisions are not inhibited by law or by good morals, and the language employed in a contract is to be given its commonly accepted meaning. This rule is as applicable to contracts of insurance as it is to other contracts. True, if the language of the contract of insurance is doubtful or ambiguous, the doubt or ambiguity will be resolved in favor of the insured, so as to effectuate the purpose for which the contract was made (*Grand Legion, Select Knights v. Beaty,* 224 Ill. 346; *Monahan v. Fidelity Mut. Life Ins. Co.,* 242 Ill. 488; *Anson v. New York Life Ins. Co.,* 252 Ill. 369) ; but the rule that ambiguous language is to be construed most strongly against the insurer does not authorize a perversion of language for the purpose of creating an ambiguity where none exists. *Crosse v. Knights of Honor,* 254 Ill. 80.

The eleventh clause of the policy provides that if any premium is not paid on or before the day it is due, the policy shall become void and all payments previously made shall remain the property of the company, except as thereinbefore provided. The preceding sixth clause of the policy provides that if the full premiums thereon be paid for not less than three complete years, it can be surrendered within six months from the date of lapse for the amount of nonparticipating paid up life insurance specified in the accompanying table. There can be no doubt, therefore, that by the express terms of the policy it became void upon the failure of the insured to pay the premium for the year 1905, and that the insured thereby forfeited to the company all premiums previously paid, unless within six months from the date of the lapsing of the policy he exercised his option to surrender the same for paid up life in-

surance of $760. It is uncontroverted that the insured, with full knowledge that his policy had lapsed, took no steps thereafter during his lifetime to exercise his said option, and there is no proof in the record tending to show a waiver of the provisions of the policy by the company or any facts which excused the insured from exercising his option within the time limited.

The doctrine that time is of the essence of a contract, such as is here involved, appears to be supported by the great weight of authority. *Knapp v. Homeopathic Mut. Life Ins. Co.*, 117 U. S. 411; *Bonner v. Mutual Life Ins. Co.*, (Miss.) 36 So. Rep. 538; *Cravens v. New York Life Ins. Co.*, 148 Mo. 583; *McLaughlin v. Equitable Life Assur. Soc.*, 38 Neb. 725; *Attorney General v. Continental Life Ins. Co.*, 93 N. Y. 70; *Equitable Life Assur. Soc. v. Evans*, 25 Tex. Civ. App. 563; *Meyer v. Manhattan Life Ins. Co.*, 144 Ind. 439; *Straube v. Pacific Mut. Life Ins. Co.*, 123 Cal. 677; *Bussing v. Union Mut. Life Ins. Co.*, 34 Ohio St. 222; *Smith v. National Life Ins. Co.*, 103 Pa. St. 177; *Universal Life Ins. Co. v. Devore*, 88 Va. 788. See also Joyce on Insurance, vol. 2, secs. 1184, 1185.

In *Phoenix Mut. Life Ins. Co. v. Baker*, 85 Ill. 410, the surrender of the policy prior to its lapse appears to have been regarded by the court as a condition precedent to the right of the insured to demand and receive a paid up policy. In *Keyser v. Mutual Life Ins. Co.*, 104 Ill. App. 72, a somewhat similar clause in a policy was construed to require a surrender of the policy within the time limited, in order to entitle the insured to paid up insurance.

In *Ingersoll v. Mutual Life Ins. Co.*, 156 Ill. App. 568, the policy involved did not provide that a failure to pay the premium should avoid the policy. In this respect the policy was unlike the one in the case at bar. But it was there further held, following *Lenon v. Mutual Life Ins. Co.*, 80 Ark. 563, 8 L. R. A. (N. S.) 193; *Manhattan Life Ins. Co. v. Patterson*, 109 Ky. 624, and other Kentucky cases, that time was not of the

essence of a similar provision in an insurance policy. In this view we are unable to concur.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*