FOURTH DISTRICT—APRIL, 1919.     463

Fraley v. The Business Men's A. A. of A., 213 Ill. App. 463.

## Bessie L. Fraley, Appellee, v. The Business Men's Accident Association of America, Appellant.

INSURANCE—*when averment in declaration as to death by accident is sufficient on demurrer.* An averment in an action on an accident insurance policy that the deceased "came to his death solely and exclusively by external, violent and accidental means, to wit: by accidentally falling under moving passenger train," is not a mere conclusion, but sufficient on demurrer to support a verdict and judgment for the plaintiff.

Appeal from the Circuit Court of Jackson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919.

GILMORE & BROWN and ISAAC K. LEVY, for appellant.

SCHWARTZ & HAYS and MARTIN & GLENN, for appellee; LAWRENCE A. GLENN, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant in the Circuit Court of Jackson county, on an accident policy issued to William H. Fraley, the deceased husband of appellee. The declaration consists of two special counts and the common counts.

The two special counts as finally amended each set out the policy in *haec verba,* and aver a compliance by the insured with its terms and conditions and with the by-laws of appellant and that said insured met his death on July 2, 1917. In addition thereto, each of said special counts avers that "said William H. Fraley, thereby insured, came to his death solely and exclusively by external, violent and accidental means, to wit: by accidentally falling under moving passenger train No. 224, St. Louis bound, on the Illinois Central Railroad, at about 6:50 a. m., of the said day, and was

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thereby then and there injured and killed.'' Said counts also allege the giving of notice of death of said deceased, making of proofs, etc., in compliance with the terms of said policy. General and special demurrers were filed by appellant to the special counts of said amended declaration, which demurrers were by the court overruled. Appellant having elected to stand by its demurrer, the court called a jury to assess appellee's damages, which were assessed at $5,129, and judgment was rendered against appellant for said amount and costs. To reverse said judgment this appeal is prosecuted.

It is the contention of appellant that the averment in the two special counts of the declaration that said deceased ''came to his death solely and exclusively by external, violent and accidental means, to wit: by accidentally falling under moving passenger train,'' etc., is merely the averment of a conclusion and not sufficient on which to base a right of recovery, a demurrer having been filed thereto. In other words, appellant contends that the facts in connection with the falling of the insured must be set out in the declaration so that it may be determined by the court as a matter of law, whether or not the insured met his death in the manner provided in the policy sued on. No authorities either from this State or from any other State were cited by appellant sustaining its contention, as applied to the language of the policy here involved. Many authorities were cited by appellant laying down the general rule that sufficient facts must be averred in the declaration so that the court may, on demurrer, determine as a matter of law the sufficiency of the facts averred to make out a case. On the other hand, appellee insists that the averments in the declaration to the effect that the insured met his death by ''accidentally falling, etc.,'' is an averment of fact and not a conclusion of the pleader.

The author in Corpus Juris, vol. 1, at page 392, in discussing the subject of ''accident'' says: (sec. 4) ''It

has been said that the opposite of 'accident' is 'design,' 'volition,' 'intent,' and that in many of the definitions the idea of design is excluded, making the event wholly involuntary. Thus an accident is sometimes defined as something which takes place without any intelligent or apparent cause, without design, and of course, something out of the usual course of events, and which happens suddenly and unexpectedly, without any design on the part of the person injured; the happening of an event without the design and aid of a person and which is unforeseen; that which happens without one's direct intention; a thing done or disaster caused or produced without design or intention."

In *Healey v. Mutual Acc. Ass'n,* 133 Ill. 556, being a suit brought on an insurance policy where the charge was that the insured met his death by accidentally taking and drinking poison, the court at page 560 says: "The question presented, although one of pleading, involves a construction of the policy upon which the action was brought, and in placing a construction on the contract and in arriving at the intention of the contracting parties, regard must be had to the object and purpose which were intended by the contracting parties. A policy of accidental insurance is issued and accepted for the purpose of furnishing indemnity against accidents, and death caused by accidental means, and the language of the policy must be construed with reference to the subject to which it is applied. (*Rockford Ins. Co. v. Nelson,* 65 Ill. 420.) Thus, a provision in a policy against loss by fire, avoiding the policy if the property becomes incumbered, has been held not to include incumbrance by judgment, although within the terms used. (*Bailey v. Homestead Fire Ins. Co.,* 80 N. Y. 21.) Again, policies of insurance being signed by the insurer, the language employed being that of the insurer, the provisions of the policy are usually construed most favorably for the insured in case of doubt or uncertainty in its terms.

*(Niagara Fire Ins. Co. v. Scammon,* 100 Ill. 644.) 'No rule in the interpretation of a policy is more fully established, or more imperative and controlling, than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss must, in preference, be adopted.' Citing May on Insurance (2nd Ed.), sec. 175.

"Keeping in view these well-settled rules of construction, the question to be determined is, whether the death in this case is one falling within the spirit of the policy.

"The death of John Healey, the assured, is a conceded fact; but it is said the policy is an assurance against death by external, violent and accidental means, and that death did not ensue from external, violent and accidental means, within the meaning of the policy. Under the averments of the first and second counts it is manifest that death ensued by accidental means, as it is expressly averred that death was produced by accidentally taking and drinking poison. The demurrer admits this averment of the declaration, and the fact that death ensued from accidental means stands admitted by the record."

In *Matthiessen & Hegeler Zinc Co. v. Industrial Board of Illinois,* 284 Ill. 378, decided by the Supreme Court on June 20, 1918, speaking through Justice Cartwright at page 382 says: "The word 'accident' is not a technical legal term with a clearly defined meaning, and no legal definition has ever been given which has been found both exact and comprehensive as applied to all circumstances. Different definitions are given, with a very full citation of cases, in 1 Corpus Juris 390. Anything that happens without design is commonly called an accident, and at least in the pop-

ular acceptation of the word any event which is unforeseen and not expected by the person to whom it happens is included in the term.

Where a policy is signed by the insurer alone and the language employed is that of the insurer, the provisions of the policy are ordinarily construed most favorably for the insured, in case of doubt or uncertainty in its terms. *Healey v. Mutual Acc. Ass'n, supra; Anson v. New York Life Ins. Co.*, 252 Ill. 369-371; May on Insurance (2nd Ed.), sec. 175.

However we do not find in this case very much room for construction, for it follows in the common acceptation of the term that when a person falls, he falls without design, the averment of the declaration being that the insured "accidentally fell" and this averment is admitted by the demurrer.

We are of the opinion and so hold that the declaration as amended is clearly sufficient on demurrer to sustain the verdict and judgment. The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.