TABERN v. GATES.

GILCHREST v. JOSPEY.

1. COVENANTS — BUILDING RESTRICTIONS — INTENT SHOULD BE
   GATHERED FROM WHOLE INSTRUMENT.
      The intention of the owner of a subdivision in imposing
      building restrictions on the lots should be gathered from
      the entire language of the instrument imposing said re-
      strictions rather than from a mere grammatical construc-
      tion of a sentence thereof.[1]

2. SAME—CONSTRUCTION OF BUILDING RESTRICTION.
      A building restriction prohibiting the erection of any
      building "other than a single private residence, a double
      house, or a two-family flat, apartment house, or terrace,"
      *held*, to restrict the use of the lots to two-family buildings,
      and therefore not to permit the erection of a 25-family
      apartment house.[2]

Appeal from Wayne; Webster (Arthur), J.    Sub-
mitted May 4, 1925.    (Docket No. 138.)    Decided
July 16, 1925.

Bills by Glenard W. Tabern against George Gates
and others to enjoin the violation of building restric-
tions: On petition of Howard C. Gilchrest against
Samuel Jospey for contempt of court in violating an
injunction.    From an order adjudging defendant
guilty, he appeals.    Affirmed.

*Arthur Sauve,* for petitioner.

*Rhodes, Garvett & Frankel* and *Groesbeck, Semp-
liner, Kelly & Baillie* (*A. C. Stellwagen,* of counsel),
for appellant.

[1]Deeds, 18 C. J. § 450; [2]Id., 18 C. J. § 452 (Anno).
For authorities discussing the question as to whether multiple
residence structures are violation of restrictive covenants, see
notes in 45 L. R. A. (N. S.) 726; L. R. A. 1918C, 873; 18 A. L.
R. 451.

McDONALD, C. J. This is an appeal from a final order of the circuit court of Wayne county adjudging the defendant guilty of contempt in having violated an injunction of the court in a decree theretofore rendered. In a cause tried in the circuit court for the county of Wayne, there was involved the validity of a building restriction in deeds of the property known as Glynn Court Gardens subdivision in the city of Detroit. On February 6, 1925, the court made and entered a decree holding the building restriction valid and enjoining the defendant Austin, his heirs, representatives, agents, successors and assigns, from violating it. Subsequently, defendant Samuel Jospey acquired lots 1, 2 and 3 of this subdivision from Austin and began the erection of a 25-family apartment house. An order to show cause why he should not be adjudged guilty of contempt was issued on application of a property owner in the subdivision. On the hearing he was found guilty, and, from the order entered, he has appealed.

The question involves the construction of the building restriction, recited in the decree, which reads as follows:

"The parties of the second part for themselves, their heirs and assigns, agree with the party of the first part, his heirs, and assigns, that they will not erect any building upon the front of said premises other than a single private residence, a double house, or a two-family flat, apartment house, or terrace which shall be set back 25 feet from the front line of said lots and cost not less than $3,000 and that the plans thereof shall be submitted to and approved by the first party and that the premises shall be used for residence purposes only, except Linwood frontage which may be used for business purposes."

For convenience, the restriction, so far as it applies to the question in issue, may be stated more briefly, as follows:

"The parties agree that they will not erect any building other than a single private residence, a double house, or a two-family flat, apartment house, or terrace."

The plaintiff says that the adjective "two-family" which modifies the word "flat," also modifies the words following, "apartment house" or "terrace," and that the sentence should read, a two-family flat, a two-family apartment house or a two-family terrace.

The defendant contends that the adjective "two-family" cannot be used to qualify the words "apartment house" or "terrace" and he would have it read a two-family flat, an apartment house or a terrace.

The question is, Does this restriction forbid the erection of a 25-family apartment house? In our view of the matter it is not necessary to rest the property rights of these parties entirely upon the mere grammatical construction of a sentence. If the question were to be determined solely by the application of the rules of syntax, we might be inclined to hold with the defendant. But we are not so much concerned with the rules of syntax or the strict letter of the words used as we are in arriving at the intention of the restrictor, if that can be gathered from the entire language of the instrument. We are told in the decree, out of which this controversy has arisen, that the restriction was placed upon the lots in the subdivision as a part of a general building plan in the development and improvement of the property for the benefit of the then owner and of all subsequent owners. The chief concern of the restrictor was to sell his lots. That was the benefit of the restriction to him. That is why he restricted them to residential uses and to certain classes of buildings. It is only occasionally that a purchaser desires to build a large apartment house in a subdivision of this character. The great demand for lots comes from people looking for homes, people who want to build single private

residences or double houses.   It is fair to assume that the owner of the plat knew this, for the restriction indicates that he was attempting to restrict the use of the lots to one-family and two-family buildings.   If he did not so intend why did he use the words "a single private residence, a double house or a two-family flat?"   Why did he not say a four-family house or a four-family flat?   Why restrict one purchaser to a 2-family building and permit another to erect a 25-family building?   If he had done so it is a safe guess that he would not have sold very many lots.   It is plainly evident from the language of the restriction that he intended to restrict the use of the lots to 2-family buildings.   If he had intended that a purchaser could build a 25-family apartment or an apartment to accommodate any number of families, he might as well have omitted any reference to 2-family buildings.   It would have been sufficient to have inserted a general restriction for residential uses.   In that event, all purchasers of lots in the subdivision would have had equal rights in the use of their property.

We think the circuit judge was right in holding that the restriction in question does not permit of the erection of a 25-family apartment house.

The order is affirmed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.