**Demetrios Konstantelos, Administrator, Appellee, v. Great American Casualty Company, Appellant.**

**Gen. No. 30,574.**

1. INSURANCE—*rules for construction of policy.* In the interpretation of a policy of insurance it is the rule to construe it liberally in favor of the insured so as not to defeat, without plain necessity, his right to indemnity, and when the words are, without violence, susceptible of two interpretations, that which will sustain his claim and make the policy cover the loss, will in preference be adopted.

2. INSURANCE—*death by accidental fall from street car as within terms of accident policy.* Where a policy of accident insurance

provided for indemnity for accidental death "(1) By the wrecking or disablement of any railroad passenger car or passenger steam-ship, in or on which the insured is traveling as a fare-paying pas-senger, or by the wrecking or disablement of any public omnibus, street railway car, taxicab, or automobile stage, which is being driven or operated, at the time of such wrecking or disablement, by a licensed driver plying for public hire, and in which the in-sured is traveling as a fare-paying passenger, or by the wrecking or disablement of any private horse-drawn vehicle or motor-driven car in which the insured is riding or driving, or by being acci-dentally thrown from such vehicle or car," no liability arises for death resulting from falling from a street car.

Appeal by defendant from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed. Opinion filed June 23, 1926.

GEORGE H. BRAASCH and HAIGHT, ADCOCK, HAIGHT & HARRIS, for appellant.

WM. ARTHUR ANDERSON, for appellee; F. S. LOOMIS, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a suit in the county court of Cook county on a contract of insurance which provided for in-demnity for loss caused by accidental injury, or ac-cidental death. There was a trial before the court, without a jury, and a verdict and judgment for the plaintiff, Demetrios Konstantelos, and against the defendant, the Great American Casualty Company, in the sum of $1,000, the full amount provided for in the policy in case of accidental death. This appeal is therefrom.

The question in the case is whether the intestate's death by falling from a street car was an accident within the terms of the policy.

A stipulation of the parties, together with certain evidence, shows the following: The deceased, George

Konstantelos, on the evening of April 30, 1922, was a fare-paying passenger on a street car, a motor-driven vehicle, belonging to the Chicago Surface Lines, and when it was about 100 feet north of 67th Street, on Cottage Grove Avenue, he fell off the rear platform, fractured his skull, and, as a result, died on May 1, 1922. It was admitted that the policy described in the declaration had been issued by the defendant and was in force.

The policy provided that the insurer would pay $1,000 in case of accidental death, subject, however, to the following:

"Provided such loss shall result within thirty days from date of accident, from accidental bodily injuries, solely and independently of all other causes, and only if such injuries are sustained as follows:

"(1) By the wrecking or disablement of any railroad Passenger Car or Passenger Steamship or Steamboat, in or on which the Insured is traveling as a fare-paying passenger, or by the wrecking or disablement of any Public Omnibus, Street Railway Car, Taxicab, or Automobile Stage, which is being driven or operated, at the time of such wrecking or disablement, by a licensed driver plying for public hire, and in which the Insured is traveling as a fare-paying passenger; or by the wrecking or disablement of any private horse-drawn vehicle, or motor-driven car in which the Insured is riding or driving, or by being accidentally thrown from such vehicle or car."

The first nine lines of provision one pertain only to injuries sustained by the wrecking or disablement of public conveyances which are specified as railroad passenger cars, passenger steamships and steamboats, public omnibuses, street railway \cars, taxicabs, and automobile stages. The last four lines pertain to injuries sustained "by the wrecking or disablement of any private horse-drawn vehicle, or motor-driven car   *   *   *, or by being accidentally thrown

286    APPELLATE COURTS OF ILLINOIS.

Konstantelos v. Great American Casualty Co., 241 Ill. App. 283.

from such vehicle or car." The express segregation
of the two classes of vehicles, one public and the other
private, tends strongly to show that what was meant
by the words in the latter part of the provision, "or
by being accidentally thrown from such vehicle or
car," pertained only to private vehicles. And that is
emphasized by the use of the word "private," in
the expression "any private horse-drawn vehicle, or
motor-driven car." In that expression the adjective
"private" qualifies, not only the expression "horse-
drawn vehicle," but the words "motor-driven car."
The disjunctive "or" in such an expression merely
replaces the preceding noun or subject, but leaves
the adjective as a qualification. Here, it is just the
same as though the policy read, "any private horse-
drawn vehicle," or "any private motor-driven car."
In common everyday speech and writing it is not
the custom or practice to repeat the adjective. To
do otherwise would be labored and smack of tautology.
Further, there is no doubt but that the street car from
which the plaintiff's deceased fell was a motor-driven
car, but it was not a private motor-driven car, and
so was not such a vehicle or car as is described or
intended in the latter part of provision one. In
*Tabern v. Gates,* 231 Mich. 581, 204 N. W. 698, the
court was called upon to consider a building restric-
tion which limited certain structures to "a two-family
flat, apartment house, or terrace." It was claimed
by one of the parties that the adjective "two-family"
which preceded the word "flat," also, modified the
words "apartment," and "terrace," and on the other
side it was claimed that it only modified the word
"flat," and that there was no restriction preventing
the erection even of an "apartment" for twenty-five
families; but the court held that it was the intention,
considering the language of the entire instrument, to
restrict all residences to two-family residences, and

that the adjective "two-family" modified all three of the nouns.

So, in the instant case, the adjective "private" should be taken as qualifying the expression "motor-driven car."

It is urged for the defendant that the policy provides for liability if the injuries "are sustained" in any one of four ways, and that the last of those is "by being accidentally thrown from such vehicle or car"; and that the latter words qualify all that goes before. In our judgment, it is plain that the words "such vehicle or car" do not refer back to "Street Railway Car," but apply only to a private horse-drawn vehicle or a private motor-driven car. We think it would be a very strained and unusual construction of the words of the provision in question to hold that the adverbial qualification "by being accidentally thrown from such vehicle or car" was intended to relate back to any of the other instrumentalities of transportation save private horse-drawn vehicles and private motor-driven cars.

We are well aware that it is the rule, in the interpretation of such a policy, to construe it liberally in favor of the insured so as not to defeat, without a plain necessity, his claim to indemnity, and when the words are, without violence, susceptible of two interpretations, that which will sustain his claim and make the policy cover the loss, must, in preference, be adopted. *Terwilliger v. National Masonic Acc. Ass'n,* 197 Ill. 9, *Anson v. New York Life Ins. Co.,* 252 Ill. 369; *Healey v. Mutual Acc. Ass'n of the Northwest,* 133 Ill. 556.

But the phraseology of insurance policies must be construed according to the same general principles that are pertinent in the interpretation of written contracts generally. *Old Colony Life Ins. Co. v. Hickman,* 315 Ill. 304. In our judgment the language of the policy which is here questioned is fairly simple and intelligible and, upon careful reading, clearly excludes

liability when the accident arises by falling from a street car.

The judgment, therefore, will be reversed.

*Reversed.*

O'CONNOR, J., and THOMSON, J., concur.