# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Bond Kildeer Marketplace, LLC v. CBS Outdoor, Inc.**, 2012 IL App (2d) 111292

---

| | |
|---|---|
| Appellate Court Caption | BOND KILDEER MARKETPLACE, LLC, Plaintiff-Appellee and Cross-Appellant, v. CBS OUTDOOR, INC., Defendant-Appellant and Cross-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-1292 |
| Filed | September 25, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for plaintiff in action seeking removal of billboard from plaintiff's property, since billboard was illegal pursuant to Highway Advertising Control Act. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-LM-766; the Hon. Michael J. Fusz, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on        Robert J. Weber and Mary Margaret Johnson, both of Law Offices of
Appeal            Robert J. Weber, of Chicago, for appellant.

                    Stephen J. Siegel and Adam T. Waskowski, both of Novak & Macey
                    LLP, of Chicago, for appellee.

Panel            JUSTICE BURKE delivered the judgment of the court, with opinion.
                    Justices Zenoff and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, CBS Outdoor, Inc., owns outdoor advertising billboards, including a billboard constructed on the property of plaintiff, Bond Kildeer Marketplace, LLC, located in the Village of Kildeer, Illinois (Village). Plaintiff owns both the property on which the billboard is constructed, which defendant leases, and certain surrounding property, both of which are located at the intersection of Rand Road and North Plum Grove Road in the Village. Plaintiff purchased the property in 2007 and became the successor lessor under the lease agreement. Pursuant to the lease, the original lessors, James and Marjorie Barnthouse, leased the premises to defendant's predecessor in interest as lessee, Scadron Enterprises GP, in July 1989. Thereafter, Scadron constructed the billboard on the premises. The stated term of the lease was 20 years, deemed renewed unless one party terminated the lease by notice to the other at least 60 days prior to the end of the initial term. Plaintiff neglected to exercise its right to terminate under the rollover provision. Two other provisions of the lease are relevant: (1) section 10 includes a termination provision by which the lessor may terminate "if the LESSOR is to improve the unimproved property by erecting thereon a permanent private, commercial or residential building, such building to be constructed upon the location where the LESSEE's signs are presently located," and (2) section 13 grants the lessee certain rights if some governmental action prevents or hinders construction or maintenance of the billboard.

¶ 2      Scadron obtained a permit for the billboard from the Illinois Department of Transportation (IDOT) in 1989, pursuant to the Illinois Highway Advertising Control Act of 1971 (Highway Ad Act) (225 ILCS 440/1 *et seq.* (West 2010)). Scadron transferred ownership of the billboard to defendant's predecessor, Outdoor Systems, Inc. (OSI). After OSI acquired the billboard, it did not renew the Illinois permit. Defendant subsequently acquired the billboard, but neither defendant nor its predecessors renewed the Illinois permit at any time from 1997 through the commencement of the present litigation in 2011.

¶ 3      On May 28, 2008, the Village passed an ordinance (Village of Kildeer Ordinance No. 08-

O-1012 (adopted May 28, 2008)) approving the Village's annexation agreement with plaintiff, allowing the existing billboard to remain on the property until April 9, 2009, or the issuance of the first certificate of occupancy for the property, whichever occurred first (the annexation ordinance). On August 26, 2008, the Village adopted an ordinance (Village of Kildeer Ordinance No. 08-O-1023 (adopted Aug. 26, 2008)) approving a final plan and final plat of subdivision for the Kildeer Marketplace Development on plaintiff's property (the development ordinance). By this ordinance, the Village approved plaintiff's final plan to develop the entire property, including the subject premises where the billboard is located, into a shopping center. The Village amended the development ordinance on April 20, 2010, approving revision of the site plan, which does not provide or allow for a billboard on the premises or elsewhere on the property. Village of Kildeer Ordinance No. 10-O-007 (adopted Apr. 20, 2010). The site plan calls for the shopping center parking lot to be built on the premises and other portions of the property.

¶ 4 Plaintiff began to construct the shopping center on the property in 2008. By October 7, 2011, during argument on plaintiff's motion for summary judgment, plaintiff had constructed the parking lot of the shopping center, except on the site where the billboard continues to stand.

¶ 5 On August 12, 2010, plaintiff served notice to defendant to terminate the lease, claiming that it could do so pursuant to section 10 of the lease because it was "building" on the location where the billboard was located. Defendant refused to vacate the premises. In November 2010, plaintiff supplemented its notice, demanding, based on the development ordinance, that the billboard be removed because the billboard was illegal. Plaintiff also forwarded the Village's demand letter, dated November 16, 2010, to defendant and reiterated that the billboard must be removed. Defendant persisted in rejecting the notices and refused to remove the billboard and surrender possession of the premises.

¶ 6 Plaintiff thereafter filed a two-count complaint, seeking an order of possession under the Illinois Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010)) and a declaratory judgment that, without limitation, the lease was properly terminated and the billboard must be removed. Plaintiff asserted that (a) plaintiff may properly terminate the lease pursuant to section 10 because plaintiff is improving the property, including the subject premises, by constructing a commercial building, the shopping center, thereon; and (b) the billboard is illegal under Village ordinances, entitling plaintiff to terminate the lease.

¶ 7 In response, defendant filed combined motions under sections 2-615 and 2-619 of the Code of Civil Procedure (see 735 ILCS 5/2-619.1 (West 2010)), seeking to dismiss plaintiff's complaint. Plaintiff filed a motion for summary judgment. The parties agreed that there were no disputed issues of fact, that section 10 of the lease was unambiguous, and that the trial court should construe the lease as a matter of law.

¶ 8 The trial court granted plaintiff's summary judgment motion as to the claim regarding section 10 of the lease, finding that the parking lot proposed for the subject property was an "accessory building," triggering plaintiff's right to terminate the lease pursuant to section 10. The trial court denied plaintiff summary judgment as to the illegality claim, finding that, notwithstanding the Village ordinances, the billboard was a legal, nonconforming use.

Consequently, by this decision, the trial court denied defendant's section 2-615 motion to dismiss the section 10 claim but granted defendant's section 2-619 motion to dismiss the illegality claim.

¶ 9    Defendant appeals the denial of its section 2-615 motion and the granting of plaintiff's summary judgment motion, contesting the trial court's finding that the parking lot proposed for the subject property was an "accessory building," triggering plaintiff's right to terminate the lease pursuant to section 10. Plaintiff cross-appeals the denial of its summary judgment motion relating to its claim that the Village ordinances made the billboard illegal, which rendered the lease unenforceable.

¶ 10                                        ANALYSIS

¶ 11    We first address plaintiff's contention that the trial court erred in denying summary judgment and finding that the billboard was a legal, nonconforming use. In appeals from summary judgment rulings, reviewing courts conduct *de novo* review. *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 115 (1993). "It is the judgment and not what else may have been said by the lower court that is on appeal to the reviewing court." *Id.* "The reviewing court's function in reviewing a summary judgment is to determine whether the trial court correctly found that no genuine issue of material fact existed and whether the trial court correctly entered judgment for the moving party as a matter of law." *Id.*

¶ 12    The Village annexed the property on May 28, 2008, pursuant to an annexation agreement with plaintiff and an ordinance directing the execution of that agreement. On August 26, 2008, the Village enacted ordinance No. 08-O-1023, approving plaintiff's plat and site plan. Then, on April 20, 2010, the Village enacted ordinance No. 10-O-007, amending ordinance No. 08-O-1023. Neither ordinance includes the billboard within the approved plan. In particular, the plan requires plaintiff to construct the shopping center parking lot where the billboard is located. The annexation ordinance directs the Village to sign the annexation agreement with plaintiff, and the development ordinance requires compliance with the annexation agreement. The annexation agreement allows "the existing billboard on the property until April 9, 2009, or the issuance of the first Certificate of Occupancy for the Property whichever occurs first." Thus, by April 9, 2009, the billboard was required to have been removed. On November 16, 2010, the Village sent a letter to plaintiff stating that the billboard was illegal under the ordinances and must be removed. Clearly, the billboard is presently in violation of the annexation ordinance and the development ordinance (which incorporates the annexation ordinance).

¶ 13    Plaintiff asserts that the billboard was not in compliance with the law when the annexation ordinance was enacted in 2008, as the IDOT permit was void pursuant to section 8 of the Highway Ad Act, which requires that all billboards on federal highways maintain valid Illinois billboard permits. It provides in relevant part:

        "Upon change of sign ownership the new owner of the sign shall notify [IDOT] and supply the necessary information to renew the permit for such sign at no cost within 60 days after the change in ownership. Any permit not so renewed *shall become void*." (Emphasis added.) 225 ILCS 440/8 (West 2010).

-4-

¶ 14    "A legal nonconforming use is a use that is not permitted under the current zoning ordinance but is allowed to continue because it predates the ordinance." *Taylor v. Zoning Board of Appeals*, 375 Ill. App. 3d 585, 592 (2007). In other words, to establish a lawful nonconforming use requires a showing that the use complied with the law in effect when the zoning ordinance, which renders the use nonconforming, was enacted. See *City of Elgin v. Rippberger*, 59 Ill. App. 3d 92, 94 (1978).

¶ 15    The IDOT permit was initially issued to Scadron in 1989. In 1997, Scadron then conveyed the billboard to OSI, which was required by section 8 of the Highway Ad Act to notify IDOT and renew the permit. Defendant admits that written notice of Scadron's 1997 sale of the billboard to OSI, or to defendant's other corporate predecessors, was not sent to IDOT until 2011.

¶ 16    The trial court reasoned that, although defendant violated section 8 of the Highway Ad Act by failing to renew the permit, this was not the kind of violation of law that rendered the billboard an illegal use. The trial court did not believe that the failure to notify IDOT of the change of ownership had any effect on the billboard's existence as a legal billboard. The trial court also found that section 13 of the lease did not give plaintiff, as lessor, any power to terminate the lease. We agree with the trial court's finding that section 13 of the lease does not give plaintiff the power to terminate the lease, as it simply enunciates the lessee's rights should a governmental body take action to remove the billboard.

¶ 17    Citing Black's Law Dictionary 1604 (8th ed. 2004), which defines the word "void" as "of no legal effect; null," and applying its plain and ordinary meaning to section 8 of the Highway Ad Act, plaintiff argues that OSI's failure to timely renew the billboard permit rendered the billboard illegal and that it remained illegal through the date when the annexation ordinance was enacted in 2008. Accordingly, plaintiff maintains that the trial court erred in concluding that the billboard was a lawful nonconforming use.

¶ 18    Defendant argues that, contrary to plaintiff's contention, failure to send a timely notice of a change of ownership does not automatically revoke the permit and render the billboard unlawful. Defendant directs us to section 522.90 of title 92 of the Administrative Code (Code) (92 Ill. Adm. Code 522.90 (2011)), which provides that, upon a change in permittee or sign ownership, the new permittee or owner of the sign shall notify IDOT in writing of the sign permit and the old and new permittees' or sign owners' names within 60 days after the change, and that any permit not so renewed "*shall become revocable*" in accordance with provisions that call for notice and time to respond and correct the problem. (Emphasis added.) 92 Ill. Adm. Code 522.110 (2011) (IDOT notifies permittee, who has 30 days to respond); 92 Ill. Adm. Code 522.120 (2011) (response can be that the problem has been corrected).

¶ 19    The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-

85 (1999). If the statutory language is ambiguous, however, we may look to other sources to ascertain the legislature's intent. *People v. Ross*, 168 Ill. 2d 347, 352 (1995). A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways. *People v. Jameson*, 162 Ill. 2d 282, 288 (1994). The construction of a statute is a question of law that is reviewed *de novo*. *In re Estate of Dierkes*, 191 Ill. 2d 326, 330 (2000).

¶ 20    A court will give substantial weight and deference to an interpretation of an ambiguous statute by the agency charged with administering and enforcing that statute. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 398 (1994). Indeed, a reasonable construction of an ambiguous statute by the agency charged with that statute's enforcement, if contemporaneous, consistent, long continued, and in concurrence with legislative acquiescence, creates a presumption of correctness that is only slightly less persuasive than a judicial construction of the statute. *People ex rel. Watson v. House of Vision*, 59 Ill. 2d 508, 514-15 (1974).

¶ 21    In this case, the statute, on its face, is clear and unambiguous. Thus, according to the express terms of the statute, the permit became void upon the failure to renew the permit within 60 days after the change of sign ownership. See *Blume v. Pittsburgh Life & Trust Co.*, 183 Ill. App. 295, 298 (1913) (there can be no doubt that, by the express term that it "shall become void," the policy became void upon the failure of the insured to pay the premium for the year). Because we find the statute unambiguous, we need not look to the agency's interpretation. We note also that the phrase "shall become revocable" conveys an entirely different meaning from the express terms of the statute. See Black's Law Dictionary 1346 (8th ed. 2004) (defining "revocable" as the capability of being cancelled or withdrawn).

¶ 22    Defendant argues that the billboard was not unlawful until 30 days after defendant received a notice of violation from IDOT, and it never received notice from IDOT. Section 10 of the Highway Ad Act provides that "[s]igns without valid permits" are "unlawful." 225 ILCS 440/10 (West 2010). Section 10 of the Highway Ad Act further states that "[e]ach sign declared by this Section to be unlawful and a public nuisance shall be removed or brought into compliance with this Act" within 30 days of the IDOT notice. *Id.* Therefore, the 30-day notice from IDOT is a procedure for removing, or forcing into compliance, signs that IDOT has already determined to be "unlawful," which defeats defendant's argument.[1]

¶ 23    Defendant argues that, even if we find that the permit was void for failure to timely comply, then alternatively the billboard is still a legal nonconforming use because "issuance of the State Permit and the notice of change of ownership do[ ] not relate to land use." Defendant relies upon *Carroll v. Hurst*, 103 Ill. App. 3d 984 (1982), in support of its argument. We find *Carroll* distinguishable.

¶ 24    In *Carroll*, the homeowners of nearby land sued to enjoin the defendant's operation of

_____

[1]Defendant also argues that, after OSI acquired the billboard in 1997, ownership did not change, because the ownership arose through a series of stock purchases followed by mergers and changes of name, rather than asset purchases. Defendant cites no evidence in the record or case law to support this theory.

a junkyard and salvage operation on his property, either as a private nuisance or as an invalid nonconforming use under a county zoning ordinance. The holding by the Fourth District Appellate Court distinguished "between violations of statutes designed to regulate land use as opposed to violations of statutes whose purpose is totally unrelated to land use planning." *Id.* at 989. Here, unlike in *Carroll*, the Highway Ad Act and the required permission to place signs along highways clearly are related to land use planning.

¶ 25 In Illinois, "[n]o recovery can be had by either party to a contract the performance of which involves the violation of an existing law." (Internal quotation marks omitted.) *T.E.C. & Associates, Inc. v. Alberto-Culver Co.*, 131 Ill. App. 3d 1085, 1095 (1985). Based on our conclusion that the billboard was illegal pursuant to the Highway Ad Act, and given that the billboard was unlawful prior to the 2008 passage of the annexation ordinance, the lease was rendered unenforceable, as its purpose had been rendered illegal. Although the trial court held that plaintiff had the right to terminate the lease pursuant to section 10 of the lease, we may affirm on any ground supported by the record, regardless of whether the trial court relied on that ground. See *Swilley v. County of Cook*, 348 Ill. App. 3d 405, 407 (2004).

¶ 26 Plaintiff argues that this appeal is moot as the billboard is clearly now illegal since April 9, 2009, has passed. However, because the billboard was illegal prior to the passage of the annexation ordinance, that date is irrelevant.

¶ 27 Based on our determination, we need not address defendant's argument that the trial court erred in finding that the parking lot was an accessory building, which granted plaintiff the right to terminate the lease pursuant to section 10 of the lease.

¶ 28 For the preceding reasons, we affirm the judgment of the circuit court of Lake County.

¶ 29 Affirmed.